## THE INDEPENDENT.

(Circuit Court of Appeals, Second Circuit. July 6, 1926.)

No. 352.

Salvage ⬌31—Award to steam tug for salvage service held excessive and reduced.

$3,000 award for salvage service, given by $50,000 steam tug to barges and launch of salved value of $16,500, in connection with fire on the barges, *held* excessive, and reduced to $1,000.

Appeal from the District Court of the United States for the Southern District of New York.

Libel in rem by the Morris & Cumings Dredging Company against the launch Independent, her engines, etc.; James Shewan's Sons, Inc., claimant. From a decree for libelants, claimant appeals. Decree modified.

Appeal by the claimant from a decree of the District Court for the Southern District of New York awarding $3,000 upon a libel in rem for salvage.

The libelant was the owner of the steam tug William H. Taylor, which at 8 o'clock on the evening of January 31, 1919, was making up her tow at the foot of Clinton street, Brooklyn. The engineer of the tug observed a fire at the claimant's dry dock, across the canal from where the tug was lying. Three boats were tied up in the slip under the dry dock, two electric welding barges and a launch. The tug made her way into the slip, causing some damage to herself in so doing. Arriving at the scene, she found that there was a brisk fire in the further of the barges, which was spreading to the other. There were no men on any of the vessels, and the fire department of the city could not give any assistance. The men from the Taylor turned her hose upon the barges to subdue the flames and took the launch to a place of safety. At the end of about 20 minutes they had very substantially reduced the fire, when the city fire boat arrived and finally quenched it. Some of the Taylor's crew went aboard the nearer barge, which had then caught fire from the other, and it may be assumed that there was some hazard in doing so, because the further barge had a gasoline motor with a tank which presumably contained gasoline.

The Taylor was valued at $50,000, and the salved value of the barges and the launch at $16,500.

Foley & Martin, of New York City, for appellant.

McDermott, Enright & Carpenter, of Jersey City, N. J., and Bigham, Englar & Jones of New York City (Charles W. Hagen, of New York City, of counsel), for appellee.

Before ROGERS, MANTON, and HAND, Circuit Judges.

PER CURIAM. The Taylor's services were of substantial character and not unattended by danger. True, the fire boat arrived in 20 minutes and had no difficulty in putting out what was left of the fire, and we have no doubt that she could have done as much, had the Taylor never appeared. Yet the condition of the barges and the launch at the end of that 20 minutes would have been very different; they might have been altogether destroyed. Again, in boarding the nearer barge, the crew could not tell whether she would explode or not; and, indeed, even an explosion on the further barge, which in fact had a gasoline tank, would have exposed them to great peril. These circumstances justify a larger award than the claimant concedes. Moreover, the percentages proper where larger values are involved cannot be applied here.

On the other hand, $3,000 appears to us too large an award, considering the values of both the salvor and the salved. The largest sum permissible, in our judgment, was $1,000.

Decree modified, by reducing the award to $1,000.